**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

GENIE SOUTHERLAND,       )
                              )
      Plaintiff,         )
                              )
      v.                   )      No.
                              )
SWIFTFUNDS FINANCIAL SERVICES  )
LLC,                        )
                              )
      Defendant.       )

**PLAINTIFF'S COMPLAINT**

Plaintiff, GENIE SOUTHERLAND ("Plaintiff"), through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, SWIFTFUNDS FINANCIAL SERVICES LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Elkton, Cecil County, Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Rolling Hills Estates, California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff originating with a fitness club membership.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. On or around February 21, 2020 at 11:00 a.m., Defendant began placing calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-8283, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from 888-479-4384, which is one of Defendant's telephone numbers.

21. Plaintiff does not owe the alleged debt Defendant seeks to collect.

22. On or around February 21, 2020 at 11:00 a.m., Plaintiff answered Defendant's collection call and spoke with one of Defendant's male collectors.

23. During the conversation, Plaintiff orally disputed owing the alleged debt and offered proof to show that she does not owe the alleged debt.

24. During the conversation, Plaintiff requested for Defendant to stop calling her.

25. During the conversation, Defendant's male collector threatened to continue to place calls to Plaintiff's telephone then abruptly hung up on Plaintiff.

26. Immediately thereafter, Plaintiff placed a call to Defendant and spoke with Defendant's male collector, Robert.

27. During the conversation, Plaintiff requested to speak with a manager, and, in response, Robert transferred Plaintiff to a voicemail machine.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant's male collector threatened

3

to continue to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling her and after Plaintiff orally disputed owing the alleged debt, when Defendant's male collector hung up on Plaintiff and when Robert transferred Plaintiff to a voicemail machine when she requested to speak with a manager;

b.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite not owing the alleged debt and Plaintiff's request for Defendant to stop calling her;

c.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant's male collector threatened to continue to place collection calls to Plaintiff's telephone after Plaintiff orally disputed owing the alleged debt;

d.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant's male collector threatened to continue to place collection calls to Plaintiff's telephone after Plaintiff orally disputed owing the alleged debt; and

e.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of

4

the foregoing misconduct.

29. Defendant's acts as described above were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, GENIE SOUTHERLAND, respectfully requests judgment be entered against Defendant, SWIFTFUNDS FINANCIAL SERVICES LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 20, 2020                    By: /s/ Michael A. Siddons
                                 Michael A. Siddons
                                 Attorney #89018
                                 The Law Firm of Michael Alan Siddons, Esquire
                                 230 N. Monroe Street
                                 PO Box 403
                                 Media, PA 19063
                                 Tel: 410-705-0970
                                 msiddons@siddonslaw.com
                                 Attorney for Plaintiff